813 F.2d 401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edward Clyde JEFFEIRS, Appellant,
v.
Margaret HECKLER, Secretary of Health and Human Services of
the United States, Appellee.
 No. 85-1393.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 7, 1986.
Decided Nov. 5, 1986.
 
 Brenda S. McLain, for appellant.
 Debra J. Stuart (Charles R. Brewer, United States Attorney; Kenneth D. Bell, Assistant United States Attorney, on brief), for appellee.
 Before WIDENER and MURNAGHAN, Circuit Judges, and MERHIGE, District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Edward Clyde Jeffeirs appeals from the decision of the district court upholding a denial of Social Security benefits. Because the Secretary incorrectly applied the medical-vocational guidelines (grids) and failed to consider the claimant's pain as a disabling impairment, we remand for further proceedings not inconsistent with this opinion.
 
 
 2
 Jeffeirs is illiterate and was 44 years old at the time of the Secretary's final decision denying benefits. His previous work was unskilled, manual labor in the textile industry.
 
 
 3
 As a child, Jeffeirs severely burned his feet, requiring skin grafts on both feet. Currently, he has no fat padding on the bottoms of his feet; the first, second, third, and fourth toes on his left foot and the first toe on his right foot are severely deformed; and the fifth toe on his left foot is missing. As a result of constant pain in his feet, which is aggravated by standing or walking, he walks leaning back on his heels, placing no weight on the balls of his feet. He also reports that he has difficulty in maintaining his balance in getting up and down because of his foot pain, and that his feet occasionally swell so that he has to keep them elevated, and during warm weather the grafts come loose and drain.
 
 
 4
 Dr. Hamrick, an orthopedic surgeon, described Jeffeirs' feet as "terrible, terrible feet with the toes virtually gone" and was of opinion that Jeffeirs could not work at a job which required standing for more than 3-4 hours a day, and if that didn't work, then disability. Dr. Injejikian, a surgeon and a treating physician, recommended a sympathectomy (severing of the nerves to his feet) as a last resort. In his opinion it is quite difficult for Jeffeirs to stand on his feet more than an half hour to an hour at a time. Dr. Mauney, a podiatrist, found it "very remarkable" that the claimant functioned on the job he was doing given his foot condition, and recommended that he not have any type of job standing up. He noted that Jeffeirs walked on his heels. Jeffeirs takes two kinds of drugs for his pain.
 
 
 5
 A consulting physician for the Secretary, Dr. McFarland, performed a physical capacities evaluation of Jeffeirs and stated that he can stand or walk 3-4 hours a day and can sit as much as 6 out of 8 hours a day. He also found that Jeffeirs can lift or carry 20 pounds occasionally and 10 pounds frequently.
 
 
 6
 Jeffeirs also claims pain in his back when he stoops, bends, or sits for too long. He alleges that this pain is a result of a fall at work and the unusual way he has had to walk on his feet. Dr. Jennings, an orthopedist, reported that although x-rays of Jeffeirs' spine were essentially normal, he has a pelvic tilt, his left calf is one inch smaller in circumference than his right, and he can bend forward only 45% before feeling moderate low-back pain. Jeffeirs had generally increasing low back pain for the last several years before Dr. Jennings' examination.
 
 
 7
 In denying Jeffeirs' first application for disability benefits, the Secretary found that his foot problems constituted a severe impairment, precluding his past relevant work, but that he could perform a wide range of unskilled sedentary work. In denying his second application, from which he now appeals, the Secretary concurred with the prior decision of the Administrative Law Judge in the first application and again, after considering new evidence, concluded that Jeffeirs could perform sedentary work.
 
 
 8
 After determining that the claimant's foot problems constitute a severe impairment preventing him from returning to his past relevant work, the ALJ assessed Jeffeirs' residual functional capacity to do other work. See 20 C.F.R. Secs. 404.1520(f), 404.1545(a). He found that the claimant was capable of performing sedentary work, see 20 C.F.R. Sec. 404.1567(a), and then relied on the Secretary's medical-vocational guidelines for exertional impairments (grids) as conclusive evidence that Jeffeirs was not disabled. 20 C.F.R. part 404, subpart P, Appendix 2, Table 1, Rule 201.23.
 
 
 9
 When exertional as well as nonexertional impairments are present, however, the grids are not conclusive and may provide only guidance for the level of functional capacity. Wilson v. Heckler, 743 F.2d 218, 221-22 (4th Cir.1984). The effects of the nonexertional impairment must also be considered by the ALJ. See 20 C.F.R. part 404, subpart P, Appendix 2 Sec. 200.00(e)(2). Here, although the grids indicated that the claimant's physical impairments were not disabling, the ALJ should have also considered the effect of the claimant's foot and back pain on his ability to work. Since the grids cannot be conclusively relied upon to determine disability or nondisability, and the Secretary has provided no other evidence that Jeffeirs can do sedentary work or any other job in the national economy, the Secretary has failed in her burden of proof, and the claimant benefits from the presumption raised by the finding that he can no longer do his past relevant work. Wilson, 743 F.2d at 222. Therefore, the case is remanded to the Secretary for the opportunity for the Secretary to provide further evidence to meet her burden. Id.
 
 
 10
 In addition, the ALJ states in his decision that "[t]he claimant has not alleged disability due to severe and constant pain." This is not supported by substantial evidence in the record since Jeffeirs continually complained, in his applications for benefits as well as to his physicians, of severe disabling pain in his feet. There is also overwhelming, undisputed objective evidence in the record that provides a medical basis for this pain. See 42 U.S.C. Sec. 423(d)(5)(A). Therefore, the ALJ should have made a separate determination of whether or not Jeffeirs' pain alone is a disabling impairment. Accord Foster v. Heckler, No. 85-1252, slip op. at 8-9 (4th Cir. Jan. 7, 1986) (pain itself can be disabling). Accordingly, this claim is remanded for such a determination.
 
 
 11
 The ALJ also found that Jeffeirs' complaint of back pain was "wholly unsupported by the evidence of record." This finding is also not in accord with the record since there is medical evidence in Dr. Jennings' report to support Jeffeirs' subjective claims of pain. Jeffeirs himself explained that he walks on his heels because of the pain in his feet, throwing him off balance, causing him to walk awkwardly, and resulting in pain in his back. The ALJ may not simply disregard Jeffeirs' complaint of back pain. In light of Dr. Jennings' report, the ALJ's findings to the contrary should be supported. See Hammond v. Heckler, No. 84-2185, slip op. at 5-6 (4th Cir. June 24, 1985).
 
 
 12
 Since the ALJ's decision to discount Jeffeirs' complaints of back pain may not be unsupported by substantial evidence, it is left to determine what effect, if any, this impairment has on his residual functional capacity to perform other work. See 20 C.F.R. part 404, subpart P, Appendix 2 Sec. 200.00(e)(2). The ALJ should determine, for example, whether or not Jeffeirs' back pain affected his ability to sit for at least six hours each work day. 20 C.F.R. Sec. 404.1567(a).
 
 
 13
 For these reasons, the judgment of the district court is vacated and the case is remanded to the district court with instructions to further remand the case to the Secretary for a determination of whether or not Jeffeirs' pain in his feet and back are disabling, either alone or in combination with each other or with other physical infirmities. On remand, the parties may introduce additional evidence should they be so advised.
 
 
 14
 VACATED AND REMANDED WITH INSTRUCTIONS.